Bill R. Mann, Esq.
Daniel J. Berman, Esq.
Berman O'Connor Mann & Shklov
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96932
Telephone: (671) 477-2778

Attorneys for Plaintiffs:

**FILED**
DISTRICT COURT OF GUAM
MAR 28 2002
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TOM J. FELLAS, RODICK ALBERT, JACK JACK, ANTHOLINO NET, ENDYMION M. CHEN, RON MORONI, DANIEL J. BERMAN and CELESTINE ENDAMO OTONG,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL AIRLINES and CONTINENTAL MICRONESIA AIRLINES,<br><br>Defendants. | CIVIL CASE NO. CIV_____<br><br>02-00010<br><br>**COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiffs TOM J. FELLAS, RODICK ALBERT, JACK JACK, ANTHOLINO NET, ENDYMION M. CHEN, RON MORONI, DANIEL J. BERMAN and CELESTINE ENDAMO OTONG, by and through undersigned counsel, and hereby present a complaint against the Defendants as follows:

**JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS**

1. This is a personal injury claim arising out of the crash of Continental Flight 951 at Yap International Airport, Colonia, Yap, Federated States of Micronesia (hereafter referred to as "Yap Airport") on April 2, 2000, which caused serious physical and emotional injuries to the Plaintiffs, who were fare paying passengers.

E:\Roxanne\Pleadings\415.wpd

**ORIGINAL**

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 2

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, et seq., in that this is a civil action, in part, arising under the Warsaw Convention and Treaty of the United States.

3. This Court has jurisdiction, in the alternative, based on the diversity of citizenship of the parties pursuant to 28 U.S.C. §1332.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1402(b) in that the acts or omissions forming the basis of this complaint occurred or in part, in the Judicial District of Guam and, additionally, pursuant to Article 28 of the Warsaw Convention.

## PARTIES

5. Plaintiffs FELLAS, CHEN and BERMAN were all residents of the Territory of Guam, and Plaintiffs JACK, ALBERT, MORONI, NET and OTONG were all residents of the Federated States of Micronesia and the Republic of Palau, respectively, at all times pertinent herein, and are survivors of the crash.

6. Plaintiffs bring this action for negligence and breach of contract individually.

7. Defendant Continental Airlines ("CAL"), is and was at all times pertinent, business entity organized pursuant to the laws of the United States, with its principal place of business in Houston, Texas.

8. Defendant Continental Micronesia Airlines ("CMI") is a wholly owned or controlled subsidiary of the parent corporation Defendant Continental Airlines ("CAL").

9. During all times herein pertinent, CAL and CMI were doing continuous and substantial business in the United States Territory of Guam ("Guam").

10. Defendants CAL and CMI were at all times material a common carrier engaged in the business of transporting fare-paying passengers on regularly scheduled domestic and international flights on aircraft owned, leased, operated, managed, controlled, and maintained by its

E:\Roxanne\Pleadings\415.wpd

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 3

representatives, agents and/or employees, acting within the course and scope of their employment.

11. CAL and CMI were at all times material the owner, lessee, operator or entity in control of the Boeing 727 aircraft which operated on April 2, 2000 as Flight 951, as a common carrier to transport passengers.

12. As a common carrier, CAL and CMI owed the highest degree of care to its passengers, including Plaintiffs.

13. Plaintiffs' claim for damages are individually per claim in excess of $75,000.00.

## GENERAL ALLEGATIONS

14. On or about April 2, 2000, Plaintiffs were on board Flight 951, a regularly scheduled air carrier flight, as fare paying passengers, in a Boeing 727, when it crashed on landing at the Yap Airport on the Island of Yap, Federated States of Micronesia, on its flight from Guam.

15. As a result of the crash, Plaintiffs suffered severe injuries.

16. Defendants CAL and CMI, willfully failed to exercise the required degree of care in transporting Plaintiffs, and securing the safety of CAL and CMI Flight 951, and willfully operated Flight 951 in a hazardous manner which intentionally violated operative safety procedures and/or the applicable standard of care, with the knowledge that such violations could cause injury to the passengers, and with reckless disregard for the consequences of their misconduct.

## FIRST CAUSE OF ACTION
## WARSAW CLAIM V.S. CAL and CMI

17. Plaintiffs incorporate herein by reference allegations 1-16 above as if fully set forth herein.

18. Defendants CAL and CMI were responsible for ticketing of passengers, maintenance of the aircraft, scheduling of flights, purchasing of equipment, piloting of the aircraft, maintaining the aircraft, and complying with applicable aviation regulations, and maintaining communication and

E:\Roxanne\Pleadings\415.wpd

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 4

coordination between the accident aircraft and air traffic controllers responsible for the safe operation of the aircraft at all times.

19. On April 2, 2000, Plaintiffs were fare paying passengers on board Flight 951, an international flight from Guam to Yap, Federated States of Micronesia, and were injured when the aircraft crashed into the ground. The crash and conduct described herein leading up to the crash constitute an "accident" within the meaning of the Warsaw Convention.

20. Defendants CAL and CMI, willfully failed to exercise the required degree of care in transporting Plaintiffs, and securing the safety of Flight 951, and willfully operated Flight 951 in a hazardous manner which intentionally violated operative safety procedures and/or the applicable standards of care, with the knowledge that such violations could cause injury to the passengers, and with reckless disregard for the consequences of their misconduct.

21. The crash of the above-described flight on April 2, 2000 was caused by such known and reasonably foreseeable hazardous conditions.

### SECOND CAUSE OF ACTION
### (NEGLIGENCE - CAL and CMI)

22. Plaintiffs incorporate herein by reference allegations 1-21 above as if fully set forth herein.

23. At all times material, Defendants CAL and CMI owed a duty to the passengers on board Flight 951, and in particular to the Plaintiffs, to operate and control the subject aircraft, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind, including injury as a result of known hazardous conditions to the passengers, and in particular to Plaintiffs.

24. The crash and consequent injuries of Plaintiffs were the direct and immediate result of the negligence of CAL and CMI and its employees and agents, acting within the course and scope

E:\Roxanne\Pleadings\415.wpd

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 5

of their employment, to fulfill the above-listed duties.

### THIRD CAUSE OF ACTION
### (WILLFUL MISCONDUCT - CAL and CMI)

25. Plaintiffs incorporate herein by reference allegations 1-24 above as if fully set forth herein.

26. Defendants CAL and CMI, willfully failed to exercise the required degree of care in transporting passengers and, particularly the Plaintiffs, and securing the safety of CAL and CMI Flight 951.

27. Defendants willfully operated Flight 951 in a hazardous manner with reckless disregard for the consequences of their misconduct, which intentionally violated operative safety procedures and/or the applicable standard of care, with the knowledge that such violations could cause injury to the passengers.

28. Specifically on information and belief but without limitation, Defendants CAL and CMI, its employees and/or agents including the flight crew of their Flight 951, failed to follow the most basic requirements of airmanship in the operation of the aircraft flight, including:

    a. Failing to conduct proper maintenance on the 727 that crashed;

    b. Failing to replace the 727 timely and reasonably with the Defendants present operating planes;

    c. Failing to maintain situational awareness;

    d. Failing to conduct a proper pre-flight;

    e. Failing to properly train for and evacuate the cabin post impact;

    f. Failing to properly advise and instruct Plaintiffs post impact;

    g. Failing to confirm and recheck ATC communications;

    h. Failing to utilize applicable checklists;

E:\Roxanne\Pleadings\415.wpd

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 6

   i. Failing to conduct an approach briefing;

   j. Failing to maintain a safe approach altitude and minimum descent altitude (MDA);

   k. Failing to follow applicable Cockpit Resource Management Procedures (CRM);

   l. Failing to follow appropriate and applicable Federal Air Regulations (FAR's);

   m. Failing to properly approach and land the aircraft at Yap Airport.

29. Specifically, prior to and on April 2, 2000, Defendants CAL and CMI had actual and constructive knowledge that the operation of the above-described flight was subject to known dangers posed by hazardous equipment conditions and the lack of sufficient and/or operational ground maintenance procedures, thus placing the passenger Plaintiffs at risk of physical and/or psychological harm.

30. Defendants had previously flown this defective plane model 727 and the Yap route, and have knowledge of the presence or absence of proper and reasonable maintenance and replacement procedures, as well as the special and unique hazards that exist for this aircraft making approaches to the Yap Airport.

31. Notwithstanding this knowledge, Defendants CAL and CMI and its agents and employees, acting within the course and scope of their employment, failed and refused to warn the passengers of Flight 951 of the known dangers and/or failed and refused to protect those passengers from the known risk by failing to take precautionary measures.

32. Defendants CAL and CMI had a duty to train its maintenance personnel and crews with respect to all aspects of 727 maintenance and flight into the Yap Airport, including but not limited to, check of landing gear, flight readiness, procedures for emergency landing, the presence or absence of operational navigational aids and assistance, and the geography and terrain surrounding

E:\Roxanne\Pleadings\415.wpd

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 7

the approach to the Yap Airport.

33. Defendants CAL and CMI knew or should have known of the risks attendant to their failures to maintain, replace and repair the model 727 tasked to Flight 951.

34. On September 29, 2000, Defendant CMI President and Vice-President flew the last Boeing 727 on the "Island Hopper", and the aged 727s were replaced with the new Boeing 737-800, that represented a "$500 million investment in the new aircraft".

35. Defendants CAL and CMI knew, on information and belief, that the Boeing 727 in service on the route of Flight 951 should have been retired, replaced and taken out of service in a timely and reasonable manner well before the crash of April , 2000.

36. The crash of Flight 951 on April 2, 2000 was caused by such willful, wanton and reckless behavior evidencing willful and reckless indifference to the safety, welfare, health and well-being of the passengers, including Plaintiffs, to which Defendants are liable to Plaintiffs for damages, without limitation.

### FOURTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

37. Plaintiffs incorporate herein by reference allegations 1-36 above as if fully set forth herein.

38. Defendants are liable to Plaintiffs for their breach of contract arising from the sale of its ticket on Flight 951 in exchange for a fare, and is liable for any and all damages, consequential and compensatory, arising therefrom.

### FIFTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY)

39. Plaintiffs incorporate herein by reference allegations 1-38 above as if fully set forth herein.

E:\Roxanne\Pleadings\415.wpd

Tom J. Fellas et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 8

40. Defendants are liable to Plaintiffs for their breach of implied warranties to Plaintiffs arising from the promise for transportation, that include among others, the warranties of the Flight 951 as fit for its particular purpose, habitability and course of dealing or usage of travel, and is liable for any and all damages, consequential and compensatory, arising therefrom.

## DAMAGES

41. As a direct and proximate result of the crash, Defendants are liable to Plaintiffs for all injuries, damages, and losses, which exceed the jurisdictional amount applicable herein, of Plaintiffs to which they are entitled, including, as applicable law may provide as may be shown at trial to the jury, but not limited to:

   a. emotional distress;
   b. loss of past and future support, services, guidance, nurture and advice;
   c. loss of consortium, society, and companionship and beneficiaries;
   d. pre-impact and post-impact pain and suffering;
   e. mental anguish and grief of the surviving family members;
   f. medical expenses;
   g. punitive damages;
   h. pre-judgment interest; and
   i. any and all other damages to which Plaintiffs may be entitled under the applicable law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against CONTINENTAL AIRLINES and CONTINENTAL MICRONESIA AIRLINES for compensatory damages, punitive damages, plus pre and post-judgment interest and costs as alleged herein, and for other such relief as the Court deems just and appropriate.

E:\Roxanne\Pleadings\415.wpd

Rodick Albert et al. v. Continental Micronesia Airlines and Continental Airlines
Complaint and Demand for Jury Trial
Page 9

## JURY DEMAND

Plaintiffs demand trial by jury of all issues.

Dated this 27th day of March, 2002

                                      Respectfully submitted,

                                      BERMAN O'CONNOR MANN & SHKLOV

                                      Attorneys for Plaintiffs:

                                      BILL R. MANN, ESQ.
                                      DANIEL J. BERMAN, ESQ.

E:\Roxanne\Pleadings\415.wpd

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF __GUAM__ _____

TOM J. FELLAS, RODICK ALBERT, JACK JACK,
ANTHOLINO NET, ENDYMION M. CHEN, RON
MORONI, DANIEL J. BERMAN, and CELESTINE
ENDAMO OTONG,

V.

CONTINENTAL AIRLINES and CONTINENTAL
MICRONESIA AIRLINES.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00010**

TO: (Name and address of defendant)

CONTINENTAL MICRONESIA AIRLINES
P.O. BOX 8778
TAMUNING, GUAM 96931

ACKNOWLEDGED RECEIPT
By: [signature]
Date: 3/28/02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BILL R. MANN, ESQ.
DANIEL J. BERMAN, ESQ.
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna, Guam 96910

an answer to the complaint which is herewith served upon you, within __TWENTY (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**
CLERK

/s/ Leilani R. Toves Hernandez
(BY) DEPUTY CLERK

MAR 28 2002
DATE

# United States District Court

DISTRICT OF __GUAM__

TOM J. FELLAS, RODICK ALBERT, JACK JACK, ANTHOLINO NET, ENDYMION M. CHEN, RON MORONI, DANIEL J. BERMAN, and CELESTINE ENDAMO OTONG,

V.

CONTINENTAL AIRLINES and CONTINENTAL MICRONESIA AIRLINES.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00010**

**ACKNOWLEDGED RECEIPT**

By: _____
Date: __3/28/02__

TO: (Name and address of defendant)

CONTINENTAL AIRLINES
P.O. BOX 8778
TAMUNING, GUAM 96931

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BILL R. MANN, ESQ.
DANIEL J. BERMAN, ESQ.
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna, Guam 96910

an answer to the complaint which is herewith served upon you, within __TWENTY (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
CLERK

MAR 28 2002
DATE

/s/ Leilani R. Toves Hernandez
(BY) DEPUTY CLERK